2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bert LOCK, Plaintiff-Appellant,
v.
GRAPE EXPECTATIONS, INC., Defendant-Appellee.
 No. 92-36638.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Aug. 2, 1993.
 
 Before GOODWIN, FARRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lock appeals a directed verdict in favor of Grape Expectations on his claim that Grape Expectations violated Or.Rev.Stat. Sec. 659.425(1). The magistrate judge found that Lock, who is HIV-positive, had produced no evidence that Grape Expectations treated him as having a physical impairment that substantially limited his employment activities. We reverse and remand.
 
 
 3
 * In 1987, Grape Expectations sent Lock to Portland to manage the firm's Oregon office and to work as a part-time salesperson. On February 5, 1990, Lock informed Grape Expectation's active partner, Mike Temple, that he was HIV-positive. According to Lock, Temple's attitude toward him changed markedly following this revelation, indicating Temple's belief that Lock's infection with the AIDS virus was immediately life-threatening. Ultimately, on September 19, 1990, Grape Expectations demoted Lock from his managerial position, allowing him to remain with the company as a full-time salesperson. On July 1, 1991, Grape Expectations cut Lock's base monthly salary from $3,030 to $2,310, and it increased his sales goals. Both parties agree, however, that Lock's later departure from Grape Expectations was unrelated to Lock's claim in this case.
 
 II
 
 4
 A district court's grant of a directed verdict is subject to de novo review. In re Hawaii Fed. Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). "The court must view the evidence in the light most favorable to the nonmoving party and draw all possible inferences in favor of that party." Donoghue v. County of Orange, 848 F.2d 926, 932 (9th Cir.1987).
 
 III
 
 5
 Lock claims that Grape Expectations demoted him because of Temple's belief that Lock's HIV-positive status substantially limited his employment activities. It is an unlawful employment practice to discriminate in the terms of employment on the ground that "[a]n individual is regarded as having a physical or mental impairment." Or.Rev.Stat. Sec. 659.425(1)(c).
 
 
 6
 The scope of the "perceived handicap" subsection is clarified by Or.Rev.Stat. Sec. 659.400(2)(c):
 
 
 7
 "Is regarded as having an impairment" means that the individual:
 
 
 8
 (A) Has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer or supervisor as having such a limitation;
 
 
 9
 (B) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment;
 
 
 10
 (C) Has no physical or mental impairment but is treated by an employer or supervisor as having an impairment.
 
 
 11
 Lock maintains that he qualifies as a person protected by the statute under all three definitions of a "perceived handicap."[1]
 
 
 12
 In a series of cases beginning with Quinn v. Southern Pac. Transp. Co., 711 P.2d 139 (Or.App.1985), the Oregon courts have interpreted the meaning of Or.Rev.Stat. Sec. 659.425.
 
 
 13
 In Quinn, the court analyzed Southern Pacific's refusal to promote a railroad hostler to a trainee fireman position on the ground that he had a "color vision deficiency." The court found that "it is clear that, because of his color vision, plaintiff's employment opportunity in engine service with Southern Pacific has been limited. Southern Pacific has treated plaintiff's impairment as limiting a major life activity." Id. at 145.
 
 
 14
 In OSCI, the court fleshed out the framework provided by Quinn. OSCI had refused to hire a person as a correctional officer because it had diagnosed him as obese. The appellant read Quinn "as holding that an employer treats a person as having an impairment that limits a major life activity, employment, whenever the employer refuses the person one job because of the impairment or alleged impairment." 780 P.2d at 747. The Oregon court rejected appellant's argument that Quinn had created, in effect, a per se rule that the refusal of a particular job because of a perceived impairment provides an actionable claim under the Or.Rev.Stat. Sec. 659.425(1). Id.; accord Winnett v. City of Portland, 847 P.2d 902, 907 (Or.App.1993). Regardless of the fact that the person had not been hired for a particular job, the determination whether OSCI violated Sec. 659.425(1) depended upon "whether OSCI erroneously regarded it as substantially limiting a major life activity." Id.
 
 
 15
 Finally, in Miller v. AT & T Network Systems, 722 F.Supp. 633 (D.Or.1989), the court considered the "perceived handicap" claim of an employee who performed electrical installation work but who could not work in certain geographical areas because of his hypersensitivity to heat. The court found that "[a]n employer does not necessarily regard an employee as handicapped simply by finding that the employee is incapable of satisfying the singular demands of a particular job." Id. at 640. To qualify as a substantial limitation, the employer must regard the employee's impairment as "foreclos[ing] generally the type of employment involved." Id.
 
 
 16
 These cases taken together stand for the following proposition: The denial of a particular job is not per se a violation of Or.Rev.Stat. Sec. 659.425(1). Although such action may constitute a violation of the statute, as in Quinn, it must evidence an employer's belief that the employee's impairment amounted to a "substantial limitation" of the employment activity.
 
 
 17
 Turning to the facts of the present case, a reasonable jury could have found that Lock's demotion from his managerial position evidenced Grape Expectations' perception that his impairment substantially limited his employment activity and was therefore actionable under Or.Rev.Stat. 659.425(1).
 
 
 18
 This case is distinguishable from Miller, in which the complainant was regarded by his employer as generally capable of performing his job. In Miller, the employer just regarded the employee as being incapable of performing his job in a particular circumstance, because it required the employee to withstand high temperatures.
 
 
 19
 In contrast, the employer in Quinn regarded the employee's impairment as substantial, foreclosing generally the employee's ability to work as a trainee fireman. Similarly, in the present case, there is sufficient evidence for a reasonable jury to find that Grape Expectations regarded Lock's impairment as a substantial limitation, foreclosing generally his ability to work as a manager in the company.
 
 
 20
 Grape Expectations stresses the fact that Lock was able to continue his employment as a full-time salesman. Nonetheless, a jury could find that barring an employee from a higher tier of employment--i.e., manager level--amounts to the employer's regarding the employee's impairment as a "substantial limitation." In fact, this was the basis of the Oregon court's decision in Quinn, where the employer regarded the employee as capable of working at one level--as a hostler--but perceived him as incapable of moving to the next tier of employment--as a trainee fireman.[2]
 
 
 21
 The district court erred in granting Grape Expectations' motion for a directed verdict. We therefore REVERSE and REMAND for further proceedings consistent with this decision.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Grape Expectations claims that Lock "contends for the first time that the Court should treat his condition as an actual--as well as a perceived--handicap." The record shows otherwise: Lock continues to base his claim solely on a "perceived handicap" theory. Lock's attempt to show that he suffered some degree of impairment due to his HIV-positive status is not an effort to transform the nature of his claim to an "actual handicap" action. Rather, it is in furtherance of his claim that his action may be brought under the definitions of "perceived disability" provided by subsections (A) and (B), as opposed to the definition provided by subsection (C). See OSCI v. Bureau of Labor & Indus., 780 P.2d 743, 747 (Or.App.1989) ("Subsection (C) protects the unimpaired person who is the victim of 'mistaken identity' and is though to have a substantial impairment."). This is entirely appropriate
 
 
 [2]
 Grape Expectations also maintains that it did not perceive Lock as being foreclosed from other managerial positions at the company. The record is not developed on this issue, however, and we "must view the evidence in the light most favorable to the nonmoving party and draw all possible inferences in favor of that party." Donoghue, 848 F.2d at 932. Grape Expectations will have an opportunity to present evidence on this issue to the finder of fact